

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00423-CV

———————————————

IN RE MADERA RESIDENTIAL, LLC AND MADERA RESIDENTIAL, LTD.,
Relators

---

Original Proceeding
153rd District Court of Tarrant County, Texas
Trial Court No. 153-331096-21

---

Before Bassel, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Wallach

# MEMORANDUM OPINION

## I. Introduction

Civil Practice and Remedies Code Section 41.0115(a) does not allow a trial court to authorize discovery of net-worth evidence until "after notice and a hearing." Tex. Civ. Prac. & Rem. Code Ann. § 41.0115(a). Because the record reflects that the trial court neither gave notice of a hearing on the amended net-worth discovery motion filed by Real Party in Interest Ray Lawrence (RPI) nor held a hearing on that amended motion before signing RPI's form order granting that discovery, and because Relators Madera Residential, LLC and Madera Residential, Ltd. d/b/a Creekside Apartments have no adequate appellate remedy for this discovery error, we sustain the first and fourth issues set out in Relators' petition for writ of mandamus and dismiss Relators' second and third issues as unripe.[1]

## II. Background

The trial court set RPI's original net-worth discovery motion for a July 18, 2024 hearing. The parties agree that on July 18, the trial court asked RPI to limit and refine his net-worth discovery request, and RPI concedes, "No evidence or testimony was submitted at the hearing on July 18, 2024[,] and a Reporter's Record is not necessary." Relators describe the proceeding as follows: "[T]he Court told [RPI] that

---

[1]In their second and third issues, Relators raise evidentiary challenges, but these complaints will not be ripe until the trial court has held a hearing on RPI's amended motion. And after the trial court holds the hearing, these issues may well be rendered moot.

his motion was deficient and gave him the option to pass the hearing and amend his motion."

On July 19, RPI filed his amended net-worth discovery motion at 10:59 a.m., along with a proposed order. *See* Tex. R. Civ. P. 64–65 (discussing amendments); *Wells Fargo, N.A. v. Clower*, No. 02-20-00058-CV, 2021 WL 4205056, at *5 (Tex. App.—Fort Worth Sept. 16, 2021, no pet.) (mem. op.) (stating that an amended pleading "completely supplants the pleading it amends").

On September 6, RPI sent a letter to the trial court to ask for a ruling and entry of the order he had filed with his amended motion, "which was filed on July 19, 2024, *following a hearing held on July 18, 2024.*" [Emphasis added.] He directed the trial court to his proposed order, stating, "A proposed Order was submitted contemporaneously with the filing of the Amended Motion." He also stated, "*If* the Court requires another hearing or conference regarding this motion, please let me know so that it can be promptly scheduled." [Emphasis added.] Nothing in the mandamus record indicates that the trial court scheduled a hearing on the amended motion.

Four days later, on September 10, at 1:05 p.m., Relators filed an opposition to RPI's amended motion. In the first sentence under their argument-and-authorities section, citing Section 41.0115(a), Relators recited that net-worth discovery can be granted only "[o]n the motion of a party and after notice and a hearing." The trial court nonetheless signed RPI's form order granting the amended motion.

The trial court's order bears two file marks—one is from July 19, 2024, at 10:59 a.m., showing that it is the proposed order that RPI filed on July 19 and that he referenced in his September 6 letter; the other is from September 10, 2024, at 2:59 p.m. Neither party disputes that no hearing was held on September 10 between the 1:05 p.m. filing of Relators' opposition and the 2:59 p.m. file mark, notwithstanding the order's language that "ON THIS DAY . . . [a]ll parties appeared by and through their respective counsel of record" and the order's reference to "the evidence presented, and the arguments of counsel." The form order states, "SIGNED on the ___ day of July, 2024," and the trial court completed the blank with "10th," marked out July, and replaced the marked-out July with September.

### III. Discussion

Relators argue in their first issue that the trial court abused its discretion when it entered the net-worth discovery order without holding a hearing on RPI's amended motion under Section 41.0115(a) and in their fourth issue that they do not have an adequate appellate remedy.

Trial courts have broad discretion to decide whether to permit or deny discovery. *In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 247 (Tex. 2021) (orig. proceeding). We may grant mandamus relief from a discovery order only when the trial court abuses its discretion by failing to correctly analyze or apply the law and the relator has no adequate remedy by appeal. *In re State Farm Lloyds*, 520 S.W.3d 595, 604 (Tex. 2017) (orig. proceeding). Appellate remedies generally cannot cure a trial

4

court's order compelling discovery outside its permitted scope. *See Walker v. Packer*, 827 S.W.2d 833, 843 (Tex. 1992) (orig. proceeding); *In re Boone*, 629 S.W.3d 372, 376 (Tex. App.—San Antonio 2020) (orig. proceeding) ("Discovery that is not authorized by law cannot be 'untaken' such that an appellate court is able to cure the error and enforce the statutory scheme after trial.").

The plain language of Civil Practice and Remedies Code Section 41.0115(a) requires notice and a hearing before a trial court may authorize net-worth discovery, stating,

> On the motion of a party and *after notice and a hearing*, a trial court may authorize discovery of evidence of a defendant's net worth if the court finds in a written order that the claimant has demonstrated a substantial likelihood of success on the merits of a claim for exemplary damages. Evidence submitted by a party to the court in support of or in opposition to a motion made under this subsection may be in the form of an affidavit or a response to discovery.

Tex. Civ. Prac. & Rem. Code Ann. § 41.0115(a) (emphasis added). Because the record reflects that—contrary to Section 41.0115(a)—the trial court did not give notice of a hearing on RPI's amended motion or hold a hearing on RPI's amended motion before granting the amended motion, we conclude that the trial court has abused its discretion, and we sustain Relators' first issue. *See State Farm Lloyds*, 520 S.W.3d at 604.

Because this discovery error is uncurable, Relators have no adequate appellate remedy. *See Walker*, 827 S.W.2d at 843; *see also Boone*, 629 S.W.3d at 374 (explaining, in a mandamus granting relief from a net-worth discovery order, that a party will not have an adequate appellate remedy when the appellate court would not be able to cure

the trial court's discovery error, such as when the trial court compels production beyond the permissible bounds of discovery). Accordingly, we sustain Relators' fourth issue.

## IV. Conclusion

Having sustained Relators' first and fourth issues, we instruct the trial court to hold a hearing on RPI's amended net-worth discovery motion. We dismiss Relators' remaining two issues as unripe and release our stay entered September 23, 2024.

/s/ Mike Wallach
Mike Wallach
Justice

Delivered: October 21, 2024

6